NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 21 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TERESA MARIN-HERRERA, AKA
Veraneca Herrera-Munquia, AKA Teresa
Marin,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    19-72293

Agency No. A205-647-835

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 19, 2022[**]

Before:    SILVERMAN, CLIFTON, and HURWITZ, Circuit Judges.

Teresa Marin-Herrera, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order denying her motion to remand

and dismissing her appeal from an immigration judge's ("IJ") decision denying her

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to remand. *Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013). We deny the petition for review.

In her opening brief, Marin-Herrera does not raise, and therefore waives, any challenge to the agency's dispositive determination that she failed to demonstrate exceptional and extremely unusual hardship to her qualifying relatives. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). Thus, we deny the petition for review as to Marin-Herrera's cancellation of removal claim.

The BIA did not abuse its discretion in denying Marin-Herrera's motion to remand, where she submitted evidence of a medical condition she has had since she was 16 years old and which she did not establish could not be treated in Mexico. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228 (9th Cir. 2016) (the BIA may deny a motion to reopen for failure to establish prima facie eligibility for the relief sought); *Garcia v. Holder*, 621 F.3d 906, 912 (9th Cir. 2010) (citing 8 C.F.R. § 1003.2(c)(1) (motions to reopen must be supported by evidence that "is material and was not available and could not have been discovered or presented at the former hearing")); *see also Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1063 (9th

19-72293

Cir. 2008) ("The formal requirements of a motion to remand and a motion to reopen are the same."), *overruled on other grounds by Cheneau v. Garland*, 997 F.3d 916, 925-26 (9th Cir. 2021).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**